UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BACKPROJECT CORP., a California corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIAMOND SPINE FITNESS, a Texas corporation, )<br>d/b/a DIAMOND BACK STRENGTHENING )<br>CENTERS; and JOHN P. BOREN, D.C., an )<br>individual )<br>)<br>Defendants. ) | Case No.: 4:07-CV-1616 |

## CONSENT DECREE

The Parties, having informed the Court that they have reached an agreement with respect to a full and final compromise and settlement of all matters and all causes of action related to the above-captioned lawsuit, and having informed this Court that each defendant has been properly served with the Summons and Complaint, and having requested entry of this Consent Decree; and,

It appearing to the Court that the entry of this Consent Decree is warranted;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over these parties and the subject matter herein.

2. Venue is proper in this judicial district and division.

3. BackProject owns the entire right, title and interest in and to United States Patent Nos. 6,656,098 and 6,749,548 (the "BackProject Patents").

4. The BackProject Patents are valid and enforceable.

- 1 -

5. The accused Diamond VTE Machine specified in the Complaint, which is an exercise machine in which a person stands next to a vertical support and positions a strap around a body portion, such as the pelvic region, two mechanisms are used to tighten the strap and restrain the body portion to the support surface, and a second resilient strap may be placed over the person's body to assist in performing exercises while the body portion is restrained against the support ("Accused Device"), infringes the claims of the BackProject Patents.

6. Defendants and their officers, agents, and servants, employees, and those persons in active concert or participation with them, are permanently enjoined from directly or indirectly making, using, offering to sell, selling and/or advertising within the United States or importing into the United States the Accused Device, any colorable variation thereof, or any other unlicensed apparatus or method that infringes, directly or by equivalents, any of the claims of the BackProject Patents, including but not limited to any unlicensed device or method in which:

    (a) a portion of a person's body is restrained against a support body, such as pad, by a holder, such as a strap, coupled to the support body, in which the holder is adjustable relative to the height of the person and relative to the support body, and two or more connections, each allowing for independent adjustment in the person of the holder, connect the holder to the support body; or

    (b) a portion of a person's body is tightly secured against a support frame, such as a pad, by a first retaining member, such as a strap, coupled to the support frame, wherein the first retaining member

- 2 -

has at least two leverage points for adjusting the tightness of the first retaining member and is of such an elasticity that, when secured over the portion of the person's body, it stabilizes the secured portion against the support frame, and a second retaining member, such as a strap, coupled to the support frame is configured to fit around another portion of the person's body and is made of resilient material such that the person is able to exercise by moving the other portion of the person's body; or

(c) a lumbopelvic region of a person is restrained against a support surface, such as a pad, by a restraining member, such as a strap, and incremental adjustors can make independent fine-tuned adjustments to the tightness of the restraining member from at least two locations along the restraining member without release of any tension in the restraining member; or

(d) at least a portion of a body region of a user is restrained against a support surface, such as a pad, by independently and incrementally adjustable restraint members, which allow for the body portion to be adjusted with six degrees of freedom to a desired position and maintained in that position; or

(e) a portion of a person's body is positioned against a support member, such as a pad, and a restraining member, such as a strap, is placed over the body portion, and the restraining member is incrementally adjusted to position and retain the body portion in

- 3 -

    any number of three-dimensional positions to lessen pain experienced by the person; or

(f) a portion of a user's body is positioned against a support, and a restraining member, such as a strap, is placed over the body portion, and the restraining member is incrementally adjusted so as to position and retain the body portion in any of a number of a three-dimensional orientations to lessen pain experienced by the user, and the user performs exercises that direct movement about the restrained body portion.

7. BackProject's complaint is DISMISSED WITH PREJUDICE, each party to bear its own costs and fees. Jurisdiction is retained by this Court for the purpose of ensuring compliance with the terms hereof, and enabling the parties to apply to this Court for further orders.

The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Date: **AUGUST 23, 2007**

                 United States District Judge

**AGREED TO BY COUNSEL:**

Michael Hawes
Attorney-in-Charge
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana
Houston, TX 77002-4995
Tel. (713) 229-1234
Fax (713) 229-1522

Gary L. Bush
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002
Tel. (713) 220-4200
Fax (713) 220-4285

Counsel for Defendant
Diamond Spine Fitness d/b/a

- 4 -


| | |
|---|---|
| OF COUNSEL:<br>Richard S. Meyer<br>**Townsend and Townsend<br>and Crew LLP**<br>601 Pennsylvania Ave., N.W.<br>Suite 900, South Building<br>Washington, DC 20004<br>(202) 434-8198<br>(202) 639-8238<br>Counsel for Plaintiff<br>BackProject Corporation | Diamond Back Strengthening Centers<br>("Diamond Spine"), and John P. Boren,<br>D.C., an individual |

61121635-2